UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CURTIS ROBERTS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:08CV00044 ERW |
| ) | |
| ELIZABETH CONLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss [doc. #7], Defendants' Motion to Dismiss [doc. #20] and Defendant Kieffer's Motion to Dismiss [doc. #28].

**I.  BACKGROUND**

This action was brought by Curtis Roberts and his sister, Betty Labigang (collectively, "Plaintiffs").  They brought the pending action against Elizabeth Conley, Glen Babich,[1] Jim Moore, Michelle Thompson, Larry Crawford, Judy Hudson, Jane Perkins, Dana Meyer, Steve Long, Diane Moorley, Keith Kieffer and Brian O'Connell (collectively, "Defendants"), alleging claims under 42 U.S.C. § 1983 and Missouri state law.  Specifically, Plaintiffs seek to recover for gross negligence and for the violation of Curtis Roberts' ("Plaintiff Roberts") rights under the United States Constitution and Missouri Constitution to be free from cruel and unusual punishment.

---

[1] Plaintiff submitted a document titled "Amended Information" to the Court on November 20, 2008, in which he states that the true identity of Glen Babich is Thomas Cabrera.  However, because no amended complaint or motion to amend has been filed with the Court, Thomas Cabrera is not a party to this action, and Glen Babich is still a defendant at this time.

Plaintiff pled guilty to one count of aggravated driving while intoxicated. He states that as his sentence he had the opportunity to participate in a long term treatment program ("Treatment Program"). If he successfully completed the Treatment Program, he would be released, however, if he failed to complete the program he would have to serve a five-year sentence.

In his Complaint, Plaintiff Roberts states that on January 20, 2007, prior to beginning the Treatment Program, he was diagnosed with small-cell cancer. Plaintiff Roberts was transferred to the Ozark Correctional Center for the Treatment Program, however, he states that this diagnosis made him ineligible for the Treatment Program. As a result, Brian O'Connell ("Defendant O'Connell") signed a form on June 2, 2007 authorizing Plaintiff Roberts' discharge from the Treatment Program. Because Plaintiff Roberts had not successfully completed the Treatment Program, he was transferred to the Northeast Correctional Center in Bowling Green, Missouri on June 5, 2007.

An access port was surgically implanted for the purposes of administering treatment on June 17, 2007, however, treatment was not started until July 24, 2007. In the meantime Plaintiff Roberts attempted to secure chemotherapy treatments, and attempted to see Glen Babich ("Defendant Babich"), a physician. However, Plaintiffs assert that Jill Perkins ("Defendant Perkins"), the director of nursing at the Northeast Correctional Center, refused to process Plaintiff Roberts' medical services request forms. Plaintiff Roberts states that when he did meet with Defendant Babich, he told Plaintiff Roberts that "Defendant [Elizabeth] Conley would most likely not approve any treatment for Plaintiff because it would do no good and would be a waste of the State of Missouri's money."

Plaintiffs state in their Complaint that Plaintiff Roberts then filed an Emergency Informal Resolution Request ("EIRR") on July 18, 2007, seeking to begin treatment. Plaintiffs also assert

that Plaintiff Roberts filed a request to be considered for a medical parole, and his request was denied. They assert that the Missouri State Board of Probation and Parole released findings on July 5, 2007 stating that his request was denied, even though the formal hearing on his request had been set for July 12, 2007.

On August 23, 2007, Plaintiff Roberts received a chemotherapy treatment. He states that upon returning from the treatment, Defendant Perkins approached him regarding his EIRR. Plaintiff Roberts states in his Complaint that he was not wearing his glasses, and due to the chemotherapy he was not in any condition to discuss the EIRR. Plaintiffs state that because Plaintiff Roberts refused to sign the EIRR in acknowledgment that his grievance had been resolved, he was punished by being placed within the Transitional Care Unit.

Plaintiff Roberts' next chemotherapy treatment was scheduled for September 12, 2007. He states that this appointment was cancelled, and he sent a letter to Defendant Perkins asking why. In his Complaint, Plaintiffs assert that Defendant Perkins punished Plaintiff Roberts for this letter on September 17, 2007 by placing him in the Transitional Care Unit. Plaintiff Roberts then filed an Informal Resolution Request ("IRR") against Defendant Perkins "for her decision to resort to deceit and trickery regarding Plaintiff's medical complaints." Plaintiffs then state that his white blood cell count was low after his chemotherapy session on October 31, 2007, but that he was nevertheless administered a flu shot a few days later. Plaintiffs do not state who administered this shot, and the Complaint does not state that Plaintiff Roberts actually became sick as a result of this shot.

Plaintiffs state that Plaintiff Roberts was summoned to the medical facility on November 1, 2007 to discuss his IRR. Plaintiffs state that Defendant Perkins forged the area on the IRR stating that it was resolved. Plaintiffs state that Plaintiff Roberts then met with Diane Moorley

("Defendant Mooreley") regarding Defendant Perkins' deceit, and Defendant Moorley failed to provide Plaintiff Roberts with the necessary paperwork to continue his complaint.

This lawsuit was filed on September 3, 2008. In their lawsuit, Plaintiffs state that Defendants violated his Eighth Amendment rights by delaying life saving medical treatment and failing to train and employ competent medical personnel. Plaintiffs state that Defendants violated Mo. Rev. Stat. § 217.250 by failing to follow proper procedures when dealing with an offender with a terminal disease. Since this lawsuit was filed, Plaintiff Roberts has been released from the Northeast Correctional Center.

## II.  LEGAL STANDARD

Defendants move to dismiss Plaintiffs' claims for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to Plaintiffs. *Chambers v. St. Louis County*, 247 F.App'x 846, 848 (8th Cir. 2007) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

While a plaintiff does not have to "set out *in detail* the facts upon which he basis his claim," Fed. R. Civ. P. 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 n.3 (2007) (emphasis in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Ashcroft v. Iqbal*, 2009 WL 1361536, at *12 (U.S. May 18, 2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 557).

The factual allegations contained in the pleadings must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. The plaintiff must demonstrate their entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 2009 WL 1361536, at *12. Therefore, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

**III. DISCUSSION: DEFENDANTS' MOTION TO DISMISS [doc. #7]**

This Motion was filed by Larry Crawford, Judy Hudson, Steve Long, Jim Moore, Diane Moorley, Brian O'Connell and Michelle Thompson. These individuals raise several reasons why the claims against them should be dismissed, and the Court will consider their arguments separately.

*A.    Defendants Crawford, Hudson, Moore and Thompson*

Defendants Crawford, Hudson, Moore and Thompson assert that the claims against them should be dismissed because Plaintiffs have failed to state any factual allegations against them. In order to determine liability on a claim under 42 U.S.C. § 1983, "a casual connection between the misconduct complained of and the official sued" must be established. *Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982). The names of these individuals do not appear in the statement of facts within Plaintiffs' Complaint. It is well established that "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Plaintiffs' Complaint does not contain sufficient facts to state a claim for relief against Defendants Crawford, Hudson, Moore and Thompson, and all claims against them will therefore be dismissed.

Plaintiffs respond that these individuals were aware of the injustice being done, and state that Defendants Crawford, Hudson and Moore supervised other Defendants. Consideration of this evidence is not appropriate on a motion under Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 12(d). However, even if the Court were to consider these allegations, Plaintiffs have failed to state a claim because it is well established that "[r]espondeat superior is not a basis for liability under 42 U.S.C. § 1983." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (internal citations omitted). Additionally, Plaintiffs have failed to allege that the deprivation was caused by a policy, custom or failure to train or supervise. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991); *Larkin v. St. Louis Housing Auth. Dev. Corp.*, 355 F.3d 1114, 1117 (8th Cir. 2004). Even if Plaintiffs had stated these allegations from their Response in their Complaint, this claim would have been dismissed. As a result, the Court finds that the dismissal of all claims against Defendants Crawford, Hudson, Moore and Thompson , with prejudice, is appropriate.

## B. *Defendant Long*

Steve Long ("Defendant Long") is the Chairman of the Missouri Department of Corrections' Board of Probation and Parole. In their Complaint, Plaintiffs allege that Defendant Long violated Plaintiffs' constitutional rights by not paroling Plaintiff Roberts and for making him serve his five year sentence after he failed to complete the Treatment Program. Prisoners have no liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 9-11 (1979). The Eighth Circuit has specifically considered Missouri law, finding that "Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (quoting *Marshall v. Mitchell*, 57 F.3d 671, 673 (8th Cir. 1995)). Missouri law states that when an "offender is afflicted with a disease that is terminal" the board of probation and parole "in their discretion may

6

grant a medical parole." Mo. Rev. Stat. § 217.250. The discretionary language of this statute demonstrates that no liberty interest is created, and no claims may arise under 42 U.S.C. § 1983. As a result, all claims against Defendant Long will be dismissed, with prejudice.

C.   *Defendant O'Connell*

Plaintiffs allege that Defendant O'Connell signed a form on June 2, 2007 authorizing Plaintiff Roberts' discharge from the Treatment Program. Plaintiffs assert that this violated Plaintiff Roberts' plea agreement. This issue was considered by the court in *Conley v. Department of Corrections*. 2009 WL 211963, at *2 (E.D. Mo. Jan. 23, 2009). In *Conley*, the Plaintiff was denied "entrance into a long-term treatment program after he got into an altercation with another inmate." *Id.* The court noted that "the long-term treatment program does not obviate the criminal sentence," and found "that the removal of the long-term treatment program from his sentence did not enhance his original sentence." *Id.* (citing Mo. Rev. Stat. § 217.362).

As Plaintiffs acknowledge in their Complaint, Plaintiff Roberts was not eligible for the treatment program due to his diagnosis of small-cell cancer. Defendant O'Connell's signature on a form authorizing his dismissal from the Treatment Program did not violate Plaintiffs' constitutional rights, and Plaintiffs have failed to state a claim under 42 U.S.C. § 1983. All claims against Defendant O'Connell will be dismissed, with prejudice.

D.   *Defendant Moorley*

The Court has reviewed Plaintiffs' Complaint, and the only allegations against Defendant Moorley are that Plaintiff Roberts met with Defendant Mooreley regarding Defendant Perkins' deceit, and Defendant Moorley failed to provide Plaintiff Roberts with the necessary paperwork to continue his complaint. The Eighth Circuit has held that prisoners do not have a constitutional right to a grievance procedures, and any grievance procedures that exist at a particular prison

7

facility do not give rise to a protected liberty interest when violated. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Plaintiffs have failed to state a claim against Defendant Moorley, and all claims against her shall be dismissed, with prejudice.

**IV.    DISCUSSION: DEFENDANTS' MOTION TO DISMISS [doc. #20]**

This Motion was brought by Elizabeth Conley, Glen Babich, Jill Perkins and Dana Meyer (collectively, "Medical Defendants"). They ask that the Court dismiss the claims against Defendants Conley and Meyer. Additionally, they assert that Plaintiff Betty Labigang ("Plaintiff Labigang") does not have standing, and ask that the Court dismiss the claims brought by Plaintiff Labigang. The Court will address each argument separately.

*A.    Defendant Conley*

The Court has reviewed Plaintiff's Complaint, and the only factual allegation that relates to Elizabeth Conley ("Defendant Conley") is in paragraph 17. In this paragraph, Plaintiffs state that when Plaintiff Roberts met with Defendant Babich, he told him that "Defendant Conley would most likely not approve any treatment for Plaintiff because it would do no good and would be a waste of the State of Missouri's money." To state a claim for unconstitutional medical treatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires that a plaintiff show "that the prison officials actually knew of but deliberately disregarded those needs." *Dulaney v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). In the Complaint, Plaintiffs allege absolutely no facts showing that Defendant Conley knew anything about Plaintiff Roberts' medical needs. As a result, Plaintiffs have failed to state a claim.

Plaintiffs respond to this Motion by providing additional facts that they state demonstrate Defendant Conley's liability. While consideration of this evidence is not appropriate on a motion under Fed. R. Civ. P. 12(b)(6), this evidence demonstrates that Plaintiffs have no claim against Defendant Conley. *See* Fed. R. Civ. P. 12(d). The additional allegations state that Defendant Conley is responsible for responding to the final sage of complaints in the prison grievance procedure. As the Court noted above, the Eighth Circuit has held that prisoners do not have a constitutional right to a grievance procedures, and any grievance procedures that exist at a particular prison facility do not give rise to a protected liberty interest when violated. *Buckley* 997 F.2d at 495; *Flick*, 932 F.2d at 729. Plaintiffs have failed to state a claim against Defendant Conley, and all claims against her shall be dismissed, with prejudice.

B.  *Defendant Meyer*

Dana Meyer ("Defendant Meyer") asks that the Court dismiss the claims against her because Plaintiffs have failed to state any factual allegations against her.[2] To determine liability on a claim under 42 U.S.C. § 1983, "a casual connection between the misconduct complained of and the official sued" must be established. *Harris*, 677 F.2d at 685. Defendant Meyer's name does not appear in the statement of facts within Plaintiffs' Complaint. It is well established that "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga*, 442 F.3d at 1132 (quoting *Madewell*, 909 F.2d at 1208). Because Plaintiffs' Complaint does not contain sufficient facts to state a claim for relief against Defendant Meyer, all claims against Defendant Meyer are therefore dismissed.

---

[2] Defendant Kieffer also states that he is entitled to qualified immunity, is immune to suit in his official capacity, and asserts that Plaintiff Betty Labigang does not have standing. As the Court finds that these claims should be dismissed based upon the lack of factual allegations in the Complaint, the Court will not address these arguments.

In their Response to this Motion, Plaintiffs provide additional facts that they state demonstrate Defendant Meyer's liability. As the Court stated above, consideration of this evidence is not appropriate on a motion under Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 12(d). However, these additional allegations fail to state a claim because Plaintiffs' allegation against Defendant Meyer is that she is partially responsible for the delay in medical treatment because she is responsible for responding to the second sage of complaints in the prison grievance procedure. As the Court has already noted, the Eighth Circuit has held that prisoners do not have a constitutional right to a grievance procedures, and any grievance procedures that exist at a particular prison facility do not give rise to a protected liberty interest when violated. *Buckley*, 997 F.2d at 495; *Flick*, 932 F.2d at 729. Plaintiffs have failed to state a claim against Defendant Meyer, and all claims against her shall be dismissed, with prejudice.

C.  *Plaintiff Labigang*

The Medical Defendants assert that Plaintiff Labigang does not have standing. The jurisdiction of federal courts is limited to "Cases" and "Controversies." *See* U.S. Constit. art. III, § 1. Standing has been interpreted to require three elements, the first being "an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Plaintiffs assert that Plaintiff Labigang has been injured because Plaintiff Roberts' life has been shortened as a result of Defendants's actions. This injury is purely hypothetical, and is not an actual injury or an imminent injury. Plaintiff Labigang does not have standing, and all of her claims will be dismissed.

V.  **DISCUSSION: DEFENDANT KIEFFER'S MOTION TO DISMISS [doc. #28]**

Keith Kieffer ("Defendant Kieffer") asks that the Court dismiss the claims against him because Plaintiffs have failed to state any factual allegations against him.[3] In order to determine liability on a claim under 42 U.S.C. § 1983, "a casual connection between the misconduct complained of and the official sued" must be established. *Harris*, 677 F.2d at 685. Defendant Kieffer's name does not appear in the statement of facts within Plaintiffs' Complaint. It is well established that "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga*, 442 F.3d at 1132 (quoting *Madewell*, 909 F.2d at 1208).

Plaintiffs' Complaint does not contain sufficient facts to state a claim for relief against Defendant Kieffer, and all claims against Defendant Kieffer will be dismissed. Plaintiffs respond that Defendant Kieffer is actually "John Doe #1" in the Complaint, however, the Court has reviewed the Complaint, and John Doe #1's name is also not listed anywhere within the statement of facts. There are no allegations demonstrating causation for Plaintiffs' claims against Defendant Kieffer or John Doe #1.

Plaintiffs provide additional facts in their Response to this Motion that they state demonstrate Defendant Kieffer's liability. Consideration of this evidence is not appropriate on a motion under Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 12(d). However, these allegations fail to state a claim because Plaintiffs are attempting to assert that Defendant Kieffer's investigation and handling of his IRR and EIRR were not appropriate. As the Court previously stated, prisoners do not have a constitutional right to a grievance procedures, and any grievance

---

[3] Defendant Kieffer also states that he is entitled to qualified immunity, is immune to suit in his official capacity, and asserts that Plaintiff Betty Labigang does not have standing. As the Court finds that these claims should be dismissed based upon the lack of factual allegations in the Complaint, the Court will not address these arguments.

11

procedures that exist at a particular prison facility do not give rise to a protected liberty interest when violated. *Buckley*, 997 F.2d at 495; *Flick*, 932 F.2d at 729. Even if Plaintiffs had stated these allegations in their Complaint, this claim would have been dismissed. As a result, the Court finds that the dismissal of all claims against Defendant Kieffer, with prejudice, is appropriate.

## VI. CONCLUSION

Plaintiffs have failed to establish "a casual connection between the misconduct complained of and the official sued" for his claims against Defendants Keiffer, Meyer, Conley, Crawford, Hudson, Moore and Thompson. *Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982). Additionally, Plaintiffs failed to state a claim against Defendants Moorley, O'Connell and Long. All claims against them will be dismissed. The Court also finds that Plaintiff Labigang does not have standing, and her claims will all be dismissed. As a result, the only claims still pending in this action are those brought by Plaintiff Roberts against Defendant Glen Babich and Defendant Jill Perkins.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #7] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [doc. #20] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Kieffer's Motion to Dismiss [doc. #28] is **GRANTED.**

Dated this 20th day of July, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE